IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:03CR163** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **JORGE A. ARONJA-INDA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 135) filed by the Defendant, Jorge A. Aronja-Inda. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

On August 6, 2003, Aronja-Inda pleaded guilty to Count I of an Indictment charging him with conspiracy to distribute 50 grams or more of cocaine base, 500 grams or more of cocaine, and 500 grams or more of methamphetamine. Under the plea agreement, the drug quantity was to be determined at sentencing. Aronja-Inda's written plea agreement included a waiver of his right to appeal, subject to two specific exceptions: if the Eighth Circuit or the Supreme Court later find that the substantive basis of Aronja-Inda's guilty plea and resulting conviction fails to state a claim; and any issue of law brought to the Court's attention at sentencing in which the Court agrees that further review is needed.

(Filing No. 49, ¶ 5.)  Aronja-Inda also agreed in his written agreement that he waived his right to file a motion pursuant to 28 U.S.C. § 2255 subject to limited exceptions: the exceptions stated above with respect to Aronja-Inda's appellate waiver; and ineffective assistance of counsel or prosecutorial misconduct if the grounds were not known or reasonably knowable to Aronja-Inda at the time of his plea.  (*Id.*)  At his change of plea hearing, Aronja-Inda stated under oath that he understood that he had waived his right to appeal.  (Filing No. 54 (TR), at 11-12.)  The government's factual basis stated at the plea hearing included various drug amounts, which Aronja-Inda testified could be proved by the government beyond a reasonable doubt.  (*Id.* at 25-26.) At sentencing a hearing was held with respect to drug quantity, among other issues.  (Filing Nos. 104, 105.) The Court sentenced Aronja-Inda to 324 months imprisonment and 5 years supervised release. Aronja-Inda's direct appeal was dismissed based on the existence of a valid waiver of appellate rights.  (Filing No. 123.)  The Supreme Court denied a writ of certiorari.  (Filing No. 126.)  This Court denied Aronja-Inda's motion for new trial and denied him leave to proceed on appeal in forma pauperis with respect to that decision.  (Filing Nos. 128, 132.) The Eighth Circuit ordered that upon receipt of the docketing fee the court would review Aronja-Inda's appeal of the denial of his Rule 60(b) motion.  Apparently, Aronja-Inda has not paid the docketing fee since this matter has not been reviewed in the appellate court. Aronja-Inda then filed his § 2255 motion.  (Filing No. 135.)

In his § 2255 motion, Aronja-Inda raises, without discussion,[1] the following issues: 1) trial counsel was ineffective in failing to argue that his sentence was unconstitutional

---

[1] IA stated that a memorandum accompanied his motion; however, no memorandum has been filed.

pursuant to *Booker*, and this issue fell outside his appeal waiver; 2) his sentence was unconstitutional as it exceeded the maximum allowable under the law, pursuant to a brief that was to accompany his motion; and 3) his appeal waiver is unenforceable and should allow him to appeal an "illegal" sentence.  Giving Aronja-Inda the benefit of the doubt that one or more of his arguments allow his § 255 motion to be addressed despite his waiver of his right to file a § 2255 motion, the Court will address his arguments.

***Ground One: Ineffective Assistance of Counsel***

In order to establish ineffective assistance of counsel, Aronja-Inda must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.

With respect to his appellate waiver, Aronja-Inda reargues issues already decided by the Eighth Circuit on direct appeal under the guise of an ineffective assistance of counsel claim.  Claims decided on direct appeal cannot be relitigated in a § 2255 motion. *United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005), *cert. denied,* 126 S. Ct. 1083 (2006); *Bear Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003).  Aronja-Inda cannot meet either prong of the *Strickland* test, and this claim is denied.

*Ground Two: Unconstitutional Sentence*

Aronja-Inda stated that this claim would be further argued in an accompanying memorandum, which does not in fact accompany his motion. The Court cannot determine the nature of this claim as it is stated. The claim is denied.

*Ground Three: Appeal Waiver*

Aronja-Inda argued that his appeal waiver does not encompass an "illegal sentence." The issue of Aronja-Inda's appeal waiver was discussed and denied by the Eighth Circuit and cannot be relitigated in a § 2255 motion. *Davis,* 406 F.3d at 511; *Bear Stops,* 339 F.3d at 780. The claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 135);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 135) is summarily denied;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 12th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge